NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
29384
15-NOV-2011
09:17 AM**

NO. 29384

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


EDWIN W. DELANEY, Claimant-Appellant, v.
IMMANUEL ENTERPRISES, LTD. dba: ELEPHANT WALK, and
WORKCOMP HAWAIʻI INSURANCE CO., INC./FIRST INSURANCE
COMPANY OF HAWAIʻI, LTD., Employer/Insurance Carrier/
Third-Party Administrator-Appellee, and
SPECIAL COMPENSATION FUND, Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2006-224(M); (7-05-00274))


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

In this workers' compensation case, Claimant-Appellant Edwin W. Delaney (**Delaney**) appeals from the August 26, 2008 Decision and Order filed by the Labor and Industrial Relations Appeals Board (**LIRAB**) affirming the decision of the Director of the Department of Labor and Industrial Relations (**Director**).  On appeal, Delaney maintains that the LIRAB erred in finding that a work-related injury, occurring on December 24, 2004, resulted in only a temporary aggravation of a preexisting lower back condition and in concluding that Delaney was not entitled to further medical care and temporary total disability (**TTD**) benefits and that no permanent disability resulted from the injury.

Delaney raises the following points of error on appeal:

(1)  The LIRAB erred in entering Finding of Fact (**FOF**) 48, which, relying on Dr. Mihara's report, found that the December 24, 2004 accident resulted in a temporary aggravation of Delaney's preexisting low back condition, the accident did not cause the L3-4 disc protrusion seen on the January 21, 2005 MRI scan, and Delaney did not require further medical treatment.

(2) The LIRAB erred in Conclusion of Law (**COL**) 1, when it concluded that after August 16, 2005, Delaney is not entitled to medical care, services, and supplies for the December 24, 2004 injury.

(3)  The LIRAB erred in COL 2, when it concluded that after August 30, 2005, Delaney is not entitled to TTD benefits for the December 24, 2004 injury.

(4)  The LIRAB erred in COL 3, when it concluded that the December 24, 2004 injury did not result in permanent disability.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Delaney's contentions as follows:

(1)  Delaney's first argument on appeal challenges FOF 48, which provides:

> 48.  Based on the Board's review of the record, including the degenerative findings at the L3-4 level in the January 21, 2005 MRI, and for the reasons stated in Dr. Mihara's report, the Board credits the opinion of Dr. Mihara over that of Dr. Rogers to find that [Delaney] sustained a lumbar strain or sprain on December 24, 2004 that resulted in a temporary aggravation of his preexisting low back condition and that the L3-4 disc protrusion seen on the January 21, 2005 MRI did not result from the December 24, 2004 lifting incident.
>
> The Board further finds that by July 22, 2005, the date of Dr. Mihara's report, [Delaney] had returned to pre-injury status and did not require further medical treatment for the December 24, 2004 lumbar strain or sprain injury.

"Ordinarily, deference will be given to decisions of administrative agencies acting within the realm of their expertise." Coon v. City & County of Honolulu, 98 Hawai'i 233, 245, 47 P.3d 348, 360 (2002) (internal quotation marks, citations, and brackets omitted). Furthermore, "the credibility of witnesses and the weight to be given their testimony are within the province of the trier of fact and, generally, will not be disturbed on appeal." Tamashiro v. Control Specialist, Inc., 97 Hawai'i 86, 92, 34 P.3d 16, 22 (2001) (citations omitted).

Considering the record as a whole, the LIRAB's FOF 48 is supported by reliable, probative, and substantial evidence. In other words, there is credible evidence of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion that Delaney suffered a lumbar strain on December 24, 2004 and had since returned to pre-injury status. See In re Water Use Permit Applications, 94 Hawai'i at 119, 9 P.3d at 431 (citing definition of "substantial evidence").

For example, in addition to showing a disc herniation at the L3-4 level, a January 21, 2005 MRI also showed degenerative facet joint changes and degenerative disc disease at the L3-4 level. The language of FOF 48 itself indicates that the LIRAB considered these degenerative findings a relevant factor in determining that the December 24, 2004 injury did not cause the disc protrusion.

The LIRAB also found in unchallenged FOFs 42 and 43 that Delaney was inconsistent in describing his injury, symptoms, and pain medication use to his various treating physicians and in his testimony. For instance, Delaney testified that the pain he felt in his left leg after the December 24, 2004 injury was down the front of his leg. The medical record indicates, however, that on January 3, 2005, and January 6, 2005, while being evaluated by Dr. Adams and Dr. Schnyder, respectively, Delaney described the pain as occurring down the back of his left leg.

Delaney experienced similar pain down the back of his left leg prior to the December 24, 2004 injury and required daily pain medication for low back and leg pain for at least six months prior. Indeed, Delaney was prescribed Vicodin for chronic back pain with "radicular symptoms" approximately one month prior to the December 24, 2004 injury. The LIRAB's unchallenged findings regarding Delaney's inconsistent statements support its decision to credit, at least in part, Dr. Mihara's report. See Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002) ("Findings of fact . . . that are not challenged on appeal are binding on the appellate court."). As the trier of fact, the LIRAB was free to make its own determination regarding the credibility of Delaney's testimony, Dr. Mihara's report, and Dr. Rogers's opinion, as well as the weight accorded to conflicting evidence at trial. See Tamashiro, 97 Hawai'i at 92, 34 P.3d at 22.

We are not persuaded by Delaney's argument that the LIRAB improperly credited Dr. Mihara's opinion over that of Dr. Rogers because Dr. Mihara's report was based on two erroneous assumptions: (1) the box of glass panes weighed only ten pounds; and (2) Delaney did not lift the box but simply carried it. Specifically, Delaney maintains that these two assumptions are directly inconsistent with FOF 1, which provides: "On December 24, 2004, [Delaney], a retail store manager, carried a 24 to 30 lb. box of glass panes from the store to his supervisor's car parked about 50 feet away. [Delaney] injured his low back while loading the box of glass panes into the car." Delaney's argument presumes that Dr. Mihara's report relied exclusively on the two aforementioned assumptions and, thus, should be disregarded in its entirety. A careful review of Dr. Mihara's report, however, indicates that Dr. Mihara did not exclusively rely on either assumption. When viewed in context, Dr. Mihara's assumption regarding the weight of the box was made in direct response to a

specific question posed by Immanuel's attorney and does not represent a comprehensive culmination of Dr. Mihara's analysis. The portion of Dr. Mihara's report that summarizes his findings clearly indicates that Dr. Mihara formed his medical opinion-- i.e. that Delaney temporarily aggravated a preexisting condition on December 24, 2004--after he had (1) physically examined Delaney; (2) questioned Delaney about the injury, his symptoms, and his pain medication use; (3) extensively reviewed Delaney's medical history records; and (4) reviewed various other documents including Deborah Swift's (**Swift**) affidavit.  Accordingly, although Dr. Mihara's report makes clear that he believed Swift's affidavit that no lifting injury occurred on December 24, 2004, such an assumption was not the sole basis for Dr. Mihara's opinion.  Dr. Mihara also specifically noted his reliance on Dr. Adams's evaluation of Delaney on January 3, 2005, after which Dr. Adams diagnosed a lumbar sprain and released Delaney to modified work.

Moreover, the LIRAB did not rely exclusively on Dr. Mihara's report in finding that the December 24, 2004 accident resulted in a temporary aggravation of Delaney's preexisting low back condition, that the accident did not cause the L3-4 disc protrusion seen on the January 21, 2005 MRI, and that Delaney did not require further medical treatment.  Even if Dr. Mihara's report contained improper assumptions, we find no support for requiring the LIRAB to reject the report in its entirety.  The plain language of FOF 48 itself clearly indicates that the LIRAB's findings and conclusions were not a blanket adoption of Dr. Mihara's report in its entirety; rather, its determination was also "[b]ased on the Board's review of the record[.]" Again, "the credibility of witnesses and the weight to be given their testimony are within the province of the trier of fact and, generally, will not be disturbed on appeal." Tamashiro, 97 Hawai'i at 92, 34 P.3d at 22 (citations omitted).

Accordingly, the LIRAB's finding that the December 24, 2004 accident resulted in a temporary aggravation of Delaney's preexisting low back condition, that the accident did not cause the L3-4 disc protrusion seen on the January 21, 2005 MRI, and that Delaney did not require further medical treatment, was not clearly erroneous.

(2), (3) & (4)  Delaney also challenges the LIRAB's COLs 1, 2 and 3, which conclude, *inter alia*, that:  (1) Delaney is not entitled to medical care, services, and supplies after August 16, 2005; (2) Delaney is not entitled to TTD benefits after August 30, 2005; and (3) Delaney's injury did not result in permanent disability.

"[A] conclusion of law will not be overturned if supported by the trial court's findings of fact and by the application of the correct rule of law." Tamashiro, 97 Hawai'i at 93, 34 P.3d at 23 (citation omitted).  The only finding challenged by Delaney is FOF 48, which is not clearly erroneous. Delaney does not challenge FOFs 40, 41, or 49, which find no evidence of permanent impairment, disfigurement, or permanent disability.  Findings of fact that are not challenged on appeal are binding on the appellate court. Okada Trucking Co., 97 Hawai'i at 458, 40 P.3d at 81; Moi v. State, Dept. of Public Safety, 118 Hawai'i 239, 245, 188 P.3d 753, 759 (App. 2008).  The LIRAB's findings that Delaney had returned to pre-injury status and that there was no evidence of permanent disability support the LIRAB's related COLs.

Delaney argues that the LIRAB failed to properly impose upon a statutory presumption of compensability pursuant to HRS § 386-85(1) (1993).  Although Delaney fails to explain this argument or tie it to the record in this case, this argument apparently rests on Delaney's argument that LIRAB should have disregarded or discredited Dr. Mihara's testimony.  However, the LIRAB properly considered Delaney's evidence and arguments on

this point, as well as the evidence of Delaney's condition before and after the December 24, 2004 event, the lack of evidence of a traumatic event, the evidence of degenerative disc disease and degenerative changes at L3-4, Dr. Mihara's medical opinion of a temporary aggravation, and concluded that the incident did not cause a permanent injury.

Delaney presents no other argument that the LIRAB misapplied the relevant workers' compensation laws in reaching its conclusions of law. We have recognized that "[a]n appellate court need not address matters as to which the appellant has failed to present a discernible argument." International Sav. and Loan Ass'n, Ltd. v. Carbonel, 93 Hawai'i 464, 473, 5 P.3d 454, 463 (App. 2000); Hawai'i Rules of Appellate Procedure Rule 28(b)(7); see also Ala Moana Boat Owners' Ass'n v. State, 50 Haw. 156, 158, 434 P.2d 516 (1967); Citicorp Mortgage, Inc. v. Bartolome, 94 Hawai'i 422, 433, 16 P.3d 827, 838 (2000).

Thus, we conclude that the LIRAB did not err in concluding that Delaney was not entitled to further medical and TTD benefits and that no permanent disability resulted from the December 24, 2004 injury.

For the foregoing reasons, we affirm the LIRAB's August 26, 2008 Decision and Order.

DATED:  Honolulu, Hawai'i, November 15, 2011.

On the briefs:

Charles H. Brower
for Claimant-Appellant

Leroy T. Kuwasaki, Jr.
for Employer/Insurance Carrier/
Third-Party Administrator-Appellee

Mark J. Bennett
Attorney General
Frances E.H. Lum
Herbert B.K. Lau
Deputy Attorneys Generals
for Appellee

Presiding Judge

Associate Judge

Associate Judge